UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

SCOTT LEEDS, on behalf of himself and all
others similarly situated,                                CIVIL ACTION NO. _____

        Plaintiff,

v.                                                                              CLASS ACTION

PETSMART, INC.,

        Defendant.

## DEFENDANT PETSMART, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant PetSmart, Inc. ("PetSmart") hereby files this Notice of Removal and removes this action from the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. § 1332(d). In support of this Notice of Removal, PetSmart avers as follows:

**I.   THE STATE COURT ACTION**

1. On November 21, 2016, Plaintiff Scott Leeds ("Plaintiff") filed this putative class action in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *Scott Leeds v. PetSmart, Inc.,* No. 2016-030006-CA-01 (the "State Court Class Action").

2. Plaintiff served his Class Action Complaint ("Complaint") on PetSmart on November 30, 2016.

3. In the State Court Class Action, Plaintiff alleges that he purchased "prescription dog food" from two PetSmart retail stores in Florida and was improperly taxed for the sale of that

dog food. (Pl.'s Compl. ¶¶ 16–20, Pl.'s Compl. attached as Ex. 1A.) Plaintiff alleges that the dog food he purchased was exempt from Florida sales tax pursuant to Fla. Stat. § 212.08(2)(i). (*Id.* ¶¶ 15, 25(c).)

4. Plaintiff alleges that he and the putative class "have suffered monetary losses and damages" as a result of PetSmart improperly taxing the sale of "prescription animal food" at retail stores in Florida. (*Id.* ¶¶ 1, 21.)

5. Based upon these allegations, Plaintiff asserts a single claim under the Florida Deceptive And Unfair Trade Practices Act ("FDUTPA"). (*Id.* ¶¶ 28–36.)

6. On behalf of a putative class of similarly situated individuals, Plaintiff seeks actual damages, attorneys' fees and costs, and other unspecified relief. (*Id.* ¶¶ 4, 25, 34.) Plaintiff also seeks a declaratory judgment and injunctive relief "to prohibit Pet[S]mart from continuing to charge consumers an unlawful sales tax in violation of Florida law." (*Id.* ¶¶ 4, 25, 36.)

7. In the Complaint, Plaintiff defines the proposed class as "[a]ll individuals residing in the State of Florida who purchased prescription animal food from Pet[S]mart retail stores located in Florida and were taxed for that portion of the purchase that relates to the sale of prescription animal food." (*Id.* ¶ 22.)

8. Pursuant to 28 U.S.C. § 1446(b)(1), PetSmart has removed this case within thirty (30) days of service of the Complaint.

9. As of the date and time of the filing of this Notice of Removal, the Initial Case Management Conference in the State Court Action is scheduled for March 20, 2017. No trial has been scheduled, and PetSmart has not filed or served any pleadings or documents in the State Court Action. A copy of all pleadings filed or served by Plaintiff in the State Court Action and

the State Court's Order Setting the Initial Case Management Conference is attached hereto as Composite Exhibit 1.

## II. VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b), 1441(a), & 1446(a), because the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, where the State Court Class Action was filed and has been pending prior to removal, is a state court within this federal district and division.

## III. SUBJECT MATTER JURISDICTION

11. The Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 133 S. Ct. 547, 554 (2014).

12. CAFA confers upon the federal courts subject matter jurisdiction over, and thus makes removable, any class action in which:   (i) there is minimal diversity (*i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant); (ii) the aggregate number of putative class members in the proposed class is at least 100; and (iii) the amount in controversy exceeds $5,000,000.   *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).[1]

### A. This Court Has Subject Matter Jurisdiction Under CAFA.

13. As a result of the putative class that Plaintiff seeks to certify, all of the elements of CAFA jurisdiction are met—that is, minimal diversity exists; there are more than 100-class members; the aggregate amount in controversy exceeds $5 million; and no CAFA exception applies.   *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).

---

[1]   PetSmart disputes, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this case can properly be certified and proceed as a class action.

3

### 1. Minimal Diversity Of Citizenship Exists.

14. This matter satisfies CAFA's diversity requirement, which requires a party seeking removal to show only that minimal diversity exists—that is, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. Plaintiff is a citizen of Florida. (Pl.'s Compl. ¶ 9.)

16. Contrary to Plaintiff's allegations, PetSmart is a Delaware corporation with its principal place of business in Arizona. *See, e.g.*, *Nelson v. PetSmart, Inc.*, No. 2:15–CV–08049–ODW (AJW), 2015 WL 6566003, at *1 (C.D. Cal. Oct. 30, 2015) ("PetSmart is a Delaware corporation with its principal place of business in Arizona."). Pursuant to 28 U.S.C. § 1332(c)(1), PetSmart is therefore a citizen of Delaware and Arizona for diversity jurisdiction purposes.

17. Because Plaintiff is a citizen of Florida and PetSmart is a citizen of Delaware and Arizona, at least one putative class member is a citizen of a state different from a Defendant. Thus, minimal diversity exists for purposes of removal under CAFA.

### 2. There Are More Than 100-Class Members.

18. Plaintiff seeks relief on behalf of a class of all individuals residing in Florida who purchased "prescription animal food" from a PetSmart retail store in Florida and who were taxed for the sale of that "prescription animal food." (Pl.'s Compl. ¶ 22.)

19. Plaintiff asserts that the putative class consists of "hundreds of Florida residents." (*Id.* ¶ 24.) Therefore, the 100-class member requirement is met.

### 3. The Amount-In-Controversy Exceeds $5 Million.

20. Under controlling Supreme Court law, "a defendant's notice of removal need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. The Supreme Court has made it clear that "the defendant's

4

amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553.

21. It is axiomatic that "[a] removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'" *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (citation omitted). Indeed, the amount-in-controversy "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Id.*

22. Plaintiff's putative class clearly satisfies the amount-in-controversy requirement. CAFA provides that the claims of the individual members in a class action are aggregated to determine if the amount-in-controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Federal jurisdiction is appropriate under CAFA if, in the aggregate, "the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. Rep. No. 109-14, at 42 (2005); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-cv-691-T-30TBM, 2008 WL 2261787, at *2 (M.D. Fla. May 30, 2008) ("While the general rule of nonaggregation holds that at least one plaintiff must show that at least $75,000 is in controversy, the amount in controversy under the CAFA can be satisfied by aggregating the individual class members' claims.").

23. The Eleventh Circuit Court of Appeals has recognized that the amount-in-controversy for CAFA jurisdiction can be satisfied through "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

24. Here, although PetSmart disputes that PetSmart improperly charges any sales tax, that PetSmart is liable to Plaintiff for any relief, or that Plaintiff is entitled to any recovery from PetSmart, Plaintiff has put in controversy more than $5,000,000, given the Complaint's request for damages and attorneys' fees under FDUTPA.

25. It is well-settled that compensatory damages and attorneys' fees (when authorized by statute or contract) must be considered when calculating the amount-in-controversy under 28 U.S.C. § 1332. *See, e.g., Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Awad v. Cici Enters.*, No. 8:06-cv-1278-T-24TBM, 2006 WL 2850108, at *1 (M.D. Fla. Oct. 3, 2006) (emphasizing that in determining the amount-in-controversy, compensatory damages and reasonable attorneys' fees authorized by statute must be included).

26. Here, Plaintiff alleges that all class members "have suffered monetary losses and damages." (Pl.'s Compl. ¶ 21.) Plaintiff seeks, among other things, "actual damages," which includes the total amount of taxes that PetSmart charged and collected from putative class members on the sale of "prescription animal food" in Florida. (*Id.* ¶¶ 33–34.)

27. Plaintiff alleges a single claim for violation of FDUTPA in his Complaint. (*Id.* ¶¶ 28–36.) The statute of limitations period for a FDUTPA claim is four years. Fla. Stat. § 95.11(3)(f) ("An action founded on statutory liability" must be commenced "[w]ithin four years."); *Blair v. Wachovia Mortg. Corp.*, No. 5:11–cv–566–Oc–37TBS, 2012 WL 868878, at *2 (M.D. Fla. Mar. 14, 2012) (holding that the applicable statute of limitations period for a FDUTPA claim is "four years").

28. There are different brands of animal food sold at PetSmart retail stores in Florida in connection with a prescription. Between November 21, 2012 and the present, PetSmart has charged, collected, and remitted to the Florida Department of Revenue more than $4,300,000 in taxes on the sale of such animal food from PetSmart retail stores in Florida. Therefore, based upon Plaintiff's allegations, the total amount of alleged "actual damages" in controversy is at least $4,300,000.

29. Plaintiff also seeks attorneys' fees and costs for his FDUTPA claim—which are available to the prevailing party under FDUTPA. *See* Pl.'s Compl. ¶ 34; Fla. Stat. § 501.2105(1) ("In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."). When authorized by statute—as here—reasonable attorneys' fees must be considered when calculating the amount in controversy. *Morrison*, 228 F.3d at 1265 ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

30. In determining the reasonable amount of attorneys' fees in controversy for purposes of CAFA, the Eleventh Circuit has indicated that "[w]e do not doubt" that "attorney's fees and costs can equal thirty percent of the recovery." *Porter v. MetroPCS Commc'ns, Inc.,* 592 F. App'x 780, 783 (11th Cir. 2014). The 30% benchmark of total damages when calculating the amount of attorneys' fees in controversy is consistent with other federal courts, which have utilized benchmarks between 20% and 40% of total damages. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (holding that amount-in-controversy was met for CAFA jurisdiction after considering attorneys' fees of 30% of total potential judgment); *Garibay v.*

*Archstone Cmtys. LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (noting "25% recovery is the 'benchmark' level for reasonable attorney's fees in a class action cases, . . . and that such fees are properly included in calculations of the amount in controversy"); *Greco v. Jones*, 992 F. Supp. 2d 693, 699 (S.D. Tex. 2014) (using "conservative attorney's fees of 20%" of potential damages award to satisfy the amount-in-controversy under "mass action" provision of CAFA); *Knowles v. Standard Fire Ins. Co.*, No. 4:11–cv–04044, 2013 WL 3968490, at *6 (W.D. Ark. Aug. 2, 2013) ("The Court finds that it is reasonable to use a 40% multiplier to estimate attorney's fees for the amount in controversy in this case."); *DiPonzio v. Bank of Am. Corp.*, No. 11–CV–06192, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011) (using "benchmark rate of 33% of potential damages to calculate potential attorneys' fees"); *Faltaous v. Johnson & Johnson*, No. 07–1572, 2007 WL 3256833, at *10 (D.N.J. Nov. 5, 2007) (using thirty percent benchmark because "the median in the Third Circuit for attorneys' fee awards is approximately thirty percent").

31. The amount in controversy threshold is exceeded under any of these benchmarks used by federal courts. For instance, in applying the 30% benchmark recognized by the Eleventh Circuit, Plaintiff's request for attorneys' fees increases the total amount in controversy by $1,290,000. Thus, the total amount in controversy for this putative class action is at least $5,590,000, which exceeds the required $5,000,000 jurisdictional threshold.[2]

32. PetSmart disputes that Plaintiff is entitled to any form of relief—including compensatory damages or attorneys' fees—on his FDUTPA claim, much less on a class basis. Nonetheless, because the aggregate amount in controversy exceeds $5,000,000 once Plaintiff's

---

[2] Even if a pure lodestar approach is used, it is reasonable to assume that Plaintiff's counsel will incur significant attorneys' fees through the life of this case, thereby also increasing the amount in controversy above $5,000,000. PetSmart intends to vigorously defend against this action, and Plaintiff will incur attorneys' fees in connection with each stage of this litigation, including dispositive motions, discovery, class certification, trial preparation, and trial.

requested compensatory damages and attorneys' fees are considered, CAFA removal is appropriate.

### 4. No CAFA Exception Applies.

33. The "local controversy" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(A) is inapplicable because PetSmart—the only Defendant in this case—is not a citizen of Florida.   PetSmart is a citizen of Delaware and Arizona.

34. Likewise, the "home state" exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(4)(B) is inapplicable because the "primary defendant"—PetSmart—is not a citizen of Florida.   PetSmart is a citizen of Delaware and Arizona.

### B. Timely Removal

35. PetSmart filed this Notice of Removal within 30 days of service of Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

### C. Process and Pleadings

36. In compliance with 28 U.S.C. § 1446(a), copies of all process and pleadings filed or served in the State Court Action are annexed hereto as Composite Exhibit 1.   Plaintiff's Complaint is attached hereto as Exhibit 1A; the return of service and summons for PetSmart is attached hereto as Exhibit 1B; Plaintiff's First Set of Interrogatories to Defendant PetSmart, Inc. is attached hereto as Exhibit 1C; Plaintiff's First Request for Production to Defendant PetSmart, Inc. is attached hereto as Exhibit 1D; and the State Court's Order Setting the Initial Case Management Conference is attached hereto as Exhibit 1E.

    **D.**    <u>**Service**</u>

37.    A copy of this Notice of Removal is being served contemporaneously on Plaintiff's counsel and is being filed simultaneously with the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

38.    By filing this Notice of Removal, PetSmart does not waive any defenses that may be available to it and reserves all such defenses. PetSmart does not concede that Plaintiff is entitled to have a class certified or is entitled to any damages or attorneys' fees. If any question arises as to the propriety of the removal of this action to this Court, PetSmart invokes its right to present additional evidence and briefing to demonstrate that this case has been properly removed.

**IV.**    <u>**CONCLUSION**</u>

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453, PetSmart hereby removes this action from the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.

Dated:    December 30, 2016        Respectfully submitted,

        */s/ Brian M. Ercole*
        Robert M. Brochin (Fla. Bar No. 319661)
        Brian M. Ercole (Fla. Bar No. 0102189)
        Clay M. Carlton (Fla. Bar No. 85767)
        Morgan, Lewis & Bockius LLP
        200 South Biscayne Boulevard, Ste. 5300
        Miami, FL 33131-2339
        Telephone: (305) 415-3000
        Facsimile: (305) 415-3001
        Email: bobby.brochin@morganlewis.com
        Email: brian.ercole@morganlewis.com
        Email: clay.carlton@morganlewis.com

        *Attorneys for PetSmart, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2016, the foregoing Notice of Removal, along with all Exhibits thereto, was served via electronic mail and Federal Express to the following counsel of record:

Adam M. Moskowitz, Esq.
Gail A. McQuilkin, Esq.
Michael R. Lorigas, Esq.
KOZYAK TROPIN & THROCKMORTON, LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
amm@kttlaw.com
gam@kttlaw.com
mlorigas@kttlaw.com

*Counsel for Plaintiff*

*/s/ Brian M. Ercole*
Brian M. Ercole